TOMBACK & McPHEE, Inc., v. SCHLESINGER.

(Supreme Court, Appellate Term. December 8, 1910.)

COURTS (§ 189*)—AMENDED AND SUPPLEMENTAL ANSWER—RIGHT TO AMEND— STATUTORY PROVISIONS.

Where a defendant attempted in her answer to set up a counterclaim, and on trial requested leave to amend so as to allow proof of the counterclaim, it was error to deny the amendment, under Municipal Court Act (Laws 1902, c. 580) § 166, providing that an amendment must be allowed at any time if substantial justice will be promoted.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Tomback & McPhee, Incorporated, against Martha Schlesinger. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

Michael H. Harris, for appellant.

Sohmer & Sonnenthal (Adolph Sonnenthal, of counsel), for respondent.

GUY, J. This action was brought to recover the value of plumbing work performed by plaintiff for defendant. The defendant interposed a general denial, and attempted in her answer to set up a counterclaim. During the course of the trial the defendant sought to establish the counterclaim set up in the answer. Certain testimony was offered, which, upon objection, was·excluded by the court. Defendant then asked leave to amend the answer, so far as related to the counterclaim. This motion was denied by the court.

Section 166 of the Municipal Court Act (Laws 1902, c. 580) provides:

"The court must upon application allow a pleading to be amended at any time, if substantial justice will be promoted thereby."

The amendment in question was essential to enable defendant to properly establish her counterclaim. The refusal of the court to allow the amendment was, therefore, error prejudicial to the defendant.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.